| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------X<br>In re:<br><br>EDEN ASHLEE POWELL,<br><br>                             Debtor.<br>------------------------------------X | **NOT FOR PUBLICATION**<br><br>Chapter 7<br><br>Case No. 25-11931 (DSJ) |

**APPEARANCES:**

**HERTZ, CHERSON & ROSENTHAL**
*Counsel for Movant 2401 Davidson Associates, LLC*
118-35 Queens Blvd.
Forest Hills, NY 11375
By: Howard Levine, Esq.

**EDEN ASHLEE POWELL,** *Debtor Pro Se*

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

## BENCH DECISION[1]

This decision memorializes and makes more readily available the substance of an already-rendered oral ruling which has been effectuated in an already-entered order granting the motion of Debtor's landlord, 2401 Davidson Associates, LLC, for a declaration that the automatic stay is inapplicable and/or an order lifting the stay with respect to Debtor's occupancy of an apartment that the landlord owns, as to which no rent has been paid since October 2022 and as to which four different family members have filed successive bankruptcy cases, each on the eve of a scheduled eviction pursuant to a final state-court order.

---

[1] This Bench Decision is intended as a supplement to the Court's oral ruling at a September 10, 2025, hearing and to further explain the Court's grant of *in rem* relief in light of the Court's denial of a similar request for *in rem* relief in a related prior bankruptcy case.

In this case, on September 4, 2025, Eden Ashlee Powell (the "Debtor" or "Ms. Powell") filed a voluntary petition under Chapter 7 of the Bankruptcy Code commencing this case. As noted, Ms. Powell's filing is the latest in a series of bankruptcy filings by different individuals who assertedly reside in an apartment owned by 2401 Davidson Associates, LLC (the "Landlord"). On September 8, 2025, the Landlord filed an *Emergency Motion for Relief from the Automatic Stay or Comfort Order That No Stay Is in Effect and For In Rem Relief (the "Motion") [ECF No. 11]*. The Court scheduled and then conducted a hearing on September 10, 2025, at which the Court issued an oral ruling granting the Motion and determining that the automatic stay is inapplicable pursuant to 11 U.S.C. § 362(b)(22) because although the Debtor filed a certification that she deposited one month's rent to the Clerk of Court , at the time of the hearing, Ms. Powell had not made such a payment. In the alternative, the Court granted relief from the automatic stay pursuant to Bankruptcy Code Section 362(d)(1) and 362(d)(2).[2]

The Court additionally granted *in rem* relief pursuant to its authority under section 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code]" and "to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). The primary purpose of this written bench decision is to make more readily available the Court's reasoning behind its grant of *in rem* relief, and to avoid

---

[2] The Court delayed the effective date of its determination about the applicability of section 362(b)(22) until the close of business on September 11, 2025, to give Ms. Powell the opportunity to make a curative deposit payment to the Clerk of Court. No such payment was received. During the hearing, the Court stressed that payment of the one month rent by September 11, 2025, would not alter the Debtor's statutory requirement under Section 362(l)(2) to pay the total rent arrears of more than $80,000 within 30 days of the petition date. Likewise, the Court made clear that payment of the deposit would not reinstate the automatic stay in light of the Court's ruling under § 362(d)(1) & (2).

allowing a possible misimpression about the availability of such relief to be formed in light of a recent, prior decision arising from the bankruptcy of a relative of the Debtor.

Debtor commenced this case soon after the Court granted similar relief in the bankruptcy case of one of the asserted residents of the apartment, Melanie Lynn Powell. The Court declined to award *in rem* relief at that time, but noted that any future similar filing could well constitute a bad-faith filing that may lead to sanctions or even criminal liability. Yet Debtor's filing here perpetuated and compounded her family's continuing misuse of bankruptcy processes to frustrate the Landlord's court-ordered rights. The Court therefore concluded, in this latest case, that *in rem* relief is necessary and appropriate for the implementation and enforcement of the relief it has granted in this and a prior case under other provisions of the Code, namely, §362(b)(22), §362(d)(1) and §362(d)(2). In a prior written bench decision in Melanie Lynn Powell's case, this Court denied the Landlord's request for *in rem* relief and mused about whether the availability of *in rem* relief might be limited by case law cautioning against the use of section 105(a) as an independent basis for relief not provided for in other provisions of the Code. *In re Powell,* No. 25-11391 (DSJ), 2025 WL 2080187, at *4 (Bankr. S.D.N.Y. July 23, 2025) (collecting cases). Nonetheless, the Court's decision expressly stated that "[t]he Court does not definitively hold here that Section 105(a) could never be used to justify *in rem* relief, and the circumstances here are a tempting occasion to do so." *Id.*

The circumstances the Court was referring to is the pattern of bad-faith filings by three individuals, even before the instant case, seemingly intended to thwart the Landlord's efforts to enforce a state court order and warrant of eviction as to an apartment for which no rent had been paid since October 2022, with arrearages exceeding $80,000. The filing of the instant case just before another rescheduled eviction exacerbates those circumstances and is evidently another

attempt and a part of a coordinated effort to frustrate the Landlord's efforts and to undermine the effectiveness and enforcement of this Court's prior orders. On account of the series of bad-faith filings by four individuals seeking to forestall eviction, *in rem* relief is necessary and permissible to facilitate the meaningful execution of the relief granted both previously in the related case and in this case pursuant to § 362(b)(22), § 362(d)(1) and § 362(d)(2).

Thus, the award of *in rem* relief is authorized and appropriate here under the Court's authority under Section 105(a) to "enforce or implement orders" of the Court including the lifting of the stay here as to Debtor, and similar orders as to other relatives who have filed bankruptcies in an ongoing scheme to prevent eviction while continuing to not pay rent. *In rem* relief is further authorized and appropriate here to render effective relief the Court has granted under other code provisions (§ 362(b)(22) and § 362(l)), and to "prevent an abuse of process" in the form of likely future similar bad-faith bankruptcy filings each successive time an eviction approaches.

This Bench Decision does not alter the Court's prior oral ruling in this case, nor does it alter or supersede the already-entered order reflecting the Court's disposition of the motion. Debtor's time to appeal shall run from entry of that prior docketed order. The Court is pleased to note that the Landlord has reported reaching a negotiated resolution with Debtor's family pursuant to which a voluntary surrender of the premises is expected, thus obviating the need for a painful and disruptive eviction and finally allowing the Landlord to regain possession of its property.

**SO ORDERED.**

Dated: New York, New York  
      September 18, 2025

        *s/ David S. Jones*  
        Honorable David S. Jones  
        United States Bankruptcy Judge